67 So.2d 317

**ANDERS v. STATE.**

**8 Div. 283.**

Court of Appeals of Alabama.

Aug. 11, 1953.

Rehearing Denied Sept. 8, 1953.

See also, 255 Ala. 319, 51 So.2d 711.

Russell W. Lynne, Decatur, for appellant.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant was indicted for murder in the second degree. His jury trial resulted in a verdict and judgment of manslaughter in the first degree.

The evidence presented by the State tends to show that the appellant, Velo Anders, and the deceased, John Sparkman, were brothers-in-law.

The killing took place at the home of the appellant. Sparkman and his wife came there to have supper with the Anders. The two men began drinking. After a while they left in an automobile. While they were away from the Anders home they indulged in several fights, and separated. Sparkman returned to the Anders home for his wife, and learning that Anders had not arrived, left for the purpose of finding him. During this absence of Sparkman the appellant returned. He got his shotgun, announcing he was going to kill Sparkman.

The two women, and particularly Mrs. Sparkman, struggled to get the gun, but without avail. During this struggle Mrs. Sparkman ran out of the house in an attempt to warn her husband. She was followed by the appellant. At this time Sparkman had returned and was standing in the yard smoking. The appellant shouted "I'm going to kill you," and fired. Sparkman was hit in the face by the blast and died instantaneously.

The evidence presented by the defense was highly contradictory of the State's evidence and was directed toward establishing that Sparkman was the aggressor and that the appellant's actions were necessary in the protection of himself and of the two women.

This conflict in the evidence merely created a question of fact solely within the province of the jury to resolve. Certainly the State's evidence, if believed by the jury under the required rule, was ample in its tendencies to support the verdict and judgment.

The court's ruling was invoked numerous times during the trial below. In each instance the ruling was correct. The points involved in the rulings related to principles already settled by decisions of our courts, and to write to them would be a mere reiteration of these decisions. No novel points are involved.

The charges requested by appellant, and refused, were refused without error in that they were respectively covered by the oral charge of the court, or other charges given at appellant's request, or they were faulty in being argumentative, invasive of the province of the jury, or misleading.

Being convinced, after an examination of this record, that it contains no error probably injurious to the substantial rights of this accused, this cause is ordered affirmed.

Affirmed.